itors had not proved their claims, and therefore were not entitled to appear in the case to oppose the discharge of the bankrupt. Whereupon Mr. Smith read an affidavit which is hereunto annexed. The register decided that the said creditors were not entitled to appear in the proceedings and file their objections, until they should first have duly proved their claims respectively. Whereupon the parties desired the question to be certified to the court, and Mr. Smith handed up his points, which are hereunto annexed. Pursuant to the requirement of the nineteenth rule of this court, the register respectfully submits that his decision aforesaid is based upon the language of the twenty-ninth section of the act [of 1867 (14 Stat. 53)], which provides that the court shall order notice to be given to all creditors who have proved their debts to appear on a day appointed for that purpose, and show cause why a discharge should not be granted to the bankrupt. Section 31 does not provide that any creditors may oppose, but speaks of "any creditor opposing," referring to those who may oppose, i. e. those who are called to the meeting under the provisions of section 29. It is true that section 24 provides that a creditor who may not have proved his demand in the proceedings may attack the discharge within two years, but this attachment is a substantive proceeding, not in, but independent of the proceeding taken by the bankrupt to procure his discharge.] [2]

C. H. Smith, for creditors.
Benedict & Boardman, for bankrupts.

------

## Case No. 8,298.

In re LEVY et al.

[1 N. B. R. 105; [1] Bankr. Reg. Supp. 23; 6 Int. Rev. Rec. 134.]

District Court, S. D. New York. Oct. 1, 1867.

BANKRUPTCY — EXAMINATION OF BANKRUPT — OBJECTIONS AND EXCEPTIONS TO REGISTER'S RULINGS.

In an examination of bankrupts by creditors under section 26 of the act [of 1867 (14 Stat. 529)], where questions are objected to, the register will pass upon the same, and permit the parties to take formal exceptions to his rulings. At the close, motion to strike out specified points, or to have excluded questions answered, will be entertained, and the questions be certified for decision by the judge, and proceedings thereafter be had in accordance with such decision.

[Cited in Re Lyon, Case No. 8,643.]

The creditors of the above bankrupts [Samuel M. Levy and Mark Levy] being before the register examining the bankrupts under the provisions of section 26 of the act, the counsel of the bankrupts interposes various objections to questions put by the counsel for creditors, such as, that they were immaterial, &c. The question at once arises whether the register has the right to pass upon these questions. The counsel for the creditors insists he has the right to put any questions he sees fit, and that the register must take the answers, as in the case of an examiner in chancery. The counsel for the bankrupt insists that the objections must be passed upon by the register, with the right of either counsel if he sees fit to demand that the questions be certified to the judge.

By ISAIAH T. WILLIAMS, Register:

The matter presents many difficulties and embarrassments. It is true, as appears by reference to English adjudications, that the largest liberty of examinations should be allowed, and a question will, perhaps, rarely be ruled out. Yet it would seem that there should be some discretion exercised by the register to prevent abuses. The case is quite different, so far as the rights and interests of the parties are concerned, from that of testimony taken before an examiner in a suit in chancery; it is open to greater abuses, and the field of inquiry is larger. The matters to be inquired about are often of a more delicate and private nature, affecting household expenses and family matters of every character. The state of feeling be-

------

[2] [From 1 N. B. R. 327 (Quarto, 66).]

[3] [From 1 Am. Law T. Rep. Bankr. 122.]
[1] [Reprinted from 1 N. B. R. 105, by permission.]

tween the parties is apt to be more rancorous. A creditor who feels that the bankrupt has squandered in luxuriant living property that ought to have been applied to the payment of his claim, is not likely to spare the feelings of the family, or to omit to drag to light those thousand little family secrets which the good of society as well as of order and good breeding require rather to be suppressed. It is impossible for a register to sit and give free run to inquiries of this nature, and those of a similar character, without a sense that public decorum is being violated, and sometimes that a bankrupt is imposed upon and wronged, and his own as well as the time of others, uselessly and more than uselessly wasted. On the other hand, the bankrupt is often evasive in his answers, vague and unsatisfactory in his statements. The creditor claims a categorical answer; the bankrupt insists that he has given it, and questions of a similar character are constantly arising. Between these two opposing parties, the examination would often come to stand still, on the pretence, or otherwise, that the opinion of the court was desired, and thus great delay, waste of time, and vexation would seem to be almost inevitable.

After some consideration, I adopted the following course: I directed the parties to proceed with the examination, and I would pass upon every objection, and the parties might take formal objections; then at the close of the testimony, upon a motion to strike out specified points so objected to, or that excluded questions may be answered, I would certify the questions to the court, and upon the coming in of the judge's decision I would proceed to strike out or allow the questions to be answered as the opinion should indicate. This course was readily accepted by the respective counsel, and I have pleasure in certifying that it seems to work well. I am sure it shortens the examination. It makes the counsel more exact and circumspect, and I think has the effect to bring out facts with more exactness, and with more method. If, upon reflection, the court should deem this practice allowable, and will so signify its opinion, the practice will easily become uniform among the registers. That it is allowable under the act, the court is referred to the 4th section, where it is provided that the register may "sit at chambers, and dispatch there such parts of the administrative business of the court and such uncontested matters as shall be defined by general rules and orders, or as the district judge shall in any particular matter direct." The decision of the court upon this certificate may be regarded as such general rule or order in this matter.

BLATCHFORD, District Judge. The views and practice of the register as above set forth, are approved, and this decision will be regarded as a general rule or order that such practice be followed by the registers.

The clerk will certify this decision to the register, Isaiah T. Williams, Esq.

